UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ERIK LEJEUNE | CIVIL ACTION NO. 18-cv-0578 |
| VERSUS | JUDGE FOOTE |
| MENGESHA BEREKET, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Erik LeJeune ("Plaintiff") filed suit in state court against three defendants for personal injury and damages allegedly suffered in a traffic accident. Defendants removed the case based on an assertion of diversity jurisdiction, which puts the burden on them to allege facts that demonstrate complete diversity of citizenship and that the amount in controversy exceeds $75,000. The allegations with respect to citizenship appear to be adequate, but there is room for doubt as to whether Defendants satisfied their burden with respect to the amount in controversy.

Plaintiff alleged in his petition that he was driving a Freightliner truck on the interstate when another Freightliner truck ahead of him broke down and stopped in a lane. Plaintiff violently struck the rear of the disabled truck. His petition does not pray for a particular amount of damages, but it does describe some injuries such as cervicalgia, neck pain, and back pain. He also sets forth the fairly standard category of damages such as pain and suffering, medical bills of an unspecified amount, and the like.

Defendants, in their notice of removal, do not set forth any additional facts regarding the amount in controversy. They offer only a conclusory assertion that the amount exceeds

$75,000, and they point out that Plaintiff's petition does not allege that the amount falls below $75,000, which Plaintiff could have alleged in accordance with La. C.C.P. art. 893. Notice of Removal, ¶ 10.

This court has stated that the mere lack of an Article 893 allegation by a plaintiff is not enough to meet a removing defendant's burden on the amount in controversy. Most Louisiana federal courts agree that the lack of such an allegation does not establish the amount in controversy, but the omission is entitled to "some consideration" in the inquiry. Davis v. LeBlanc, 2017 WL 4399275 (W.D. La. 2017).

Some defendants will point to the various categories of damages sought by a plaintiff, but this court has noted that virtually every personal injury petition filed in state and city courts allege similar categories of damages. That does not make them all potential federal cases. Davis, citing Wilson v. Hochheim Prairie Cas. Ins. Co., 2014 WL 508520 (W.D. La. 2014).

Defendants will be allowed until **June 6, 2018** to file an amended notice of removal and attempt to set forth specific facts that they believe satisfy their burden with respect to the amount in controversy. Specific facts about the type of injuries suffered and the nature, duration, and expense of medical care are always helpful. Pre-suit settlement demands are also relevant. After the Defendants have had this opportunity, the court will again review

the record and determine whether they have met their burden or if the case must be remanded for lack of subject-matter jurisdiction.[1]

THUS DONE AND SIGNED in Shreveport, Louisiana, this 17th day of May 2018.

Mark L. Hornsby
U.S. Magistrate Judge

---

[1] The court recently remanded a car accident case that involved similar facts. Contario v. Ball, 2017 WL 3015812 (W.D. La. 2017), report and recommendation adopted, 2017 WL 3014488 (W.D. 2017).